# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL EDWARD ZANDER,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

_______________________________________/

Case No. 1:26-cv-00779-SKO

ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT

(Doc. 1)

## I. INTRODUCTION

Plaintiff Daniel Edward Zander ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II. FACTUAL BACKGROUND

On December 23, 2022, Plaintiff applied for SSI payments, alleging he became disabled on July 23, 2018, due to bipolar disorder, anxiety, attention deficit hyperactivity disorder (ADHD), and depression. (Administrative Record ("AR") 21, 70, 89, 111, 115.) Plaintiff was born in 2000 and was 22 years old on the application date. (AR 34, 69, 89.) Plaintiff has a high school education and

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 9.)

no past relevant work. (AR 34, 48, 254.)

**A. Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on April 10, 2023, and again on reconsideration on July 3, 2024. (AR 21, 99–102, 108–115.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 116–57.)

At the hearing on April 1, 2025, Plaintiff appeared telephonically with his attorneys and his mother, and testified before an ALJ as to his alleged disabling conditions. (AR 47–61.) A Vocational Expert (VE) also testified at the hearing. (AR 61–66.)

**B. The ALJ's Decision**

In decision dated April 24, 2025, the ALJ concluded that Plaintiff was not disabled. (AR 21–36.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 23–36.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity December 23, 2022, the application date (step one). (AR 23.) At step two, the ALJ found Plaintiff's following impairments to be severe: bipolar disorder, dissociative disorder, unhealthy substance-use behavior (marijuana), and ADHD. (AR 23–24.) The ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 24–26.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[2] and applied the assessment at steps four and five. *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

---

[2] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours per day, for 5 days per week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can perform jobs of a non-complex nature requiring the performance of no more than simple, routine tasks. He can maintain occasional contact with supervisors, coworkers, and members of the public. He should not work in environments requiring daily or hourly production quotas such as assembly line work.

(AR 26–34.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 27.)

The ALJ determined that Plaintiff had no past relevant work (step four) but, given his RFC, he could perform a significant number of jobs in the national economy (step five), including hand packager, cleaner II, and marker. (AR 34–35.) The ALJ ultimately concluded that Plaintiff was not disabled since December 23, 2022, the date the application was filed. (AR 35–36.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on November 25, 2025. (AR 5–10.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

## III. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B. Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the

evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred at step three by failing to consider properly whether he met or medically equaled Listing 12.04. (Doc. 13.) For the reasons set forth below, the Court finds that that the ALJ's step three analysis was erroneous and will remand for further proceedings on that basis.

### A. Legal Standard

As set forth above, at step three of the five-step sequence for evaluating disability claims, the ALJ considers whether one or more of the claimant's impairments meets or equals any of the impairments listed in the Listings. *See* 20 C.F.R. § 416.920(a)(4)(iii); *Kennedy v. Colvin*, 738 F.3d 1172, 1174-75 (9th Cir. 2013). A plaintiff bears the burden of demonstrating that their impairments meet or equal the requirements of a Listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "If a claimant has an impairment or combination of impairments that meets or equals a condition

outlined in [the Listings], then the claimant is presumed disabled" without further inquiry. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing 20 C.F.R. § 404.1520(d)). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Id*. "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Id*. (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)).

As pertinent here, Listing 12.04 (depressive, bipolar, and related disorders) has three designated paragraphs ("Paragraphs") A, B and C; a claimant's mental disorder must satisfy the requirements of Paragraph A and either Paragraph B or Paragraph C. *See* 20 C.F.R. Part 404, Subpart P, App'x 1, 12.00 Mental Disorders; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (To prove an impairment is per se disabling under one of these listings, a claimant must show that the impairment satisfies "***all*** of the specified medical criteria[;] An impairment that manifests only some of those criteria, no matter how severely, does not qualify.") (emphasis in original). Paragraph A includes certain medical criteria that must be present. *See id*. at 12.00(A)(2)(a). Paragraph B provides the functional criteria an ALJ assesses, which include four areas of mental functioning a person uses in a work setting: 1) understanding, remembering, and applying information; 2) interaction with others; 3) concentration, persistence, and the ability to maintain pace; and 4) the ability to adapt or manage oneself. *See id*. at 12.00(A)(2)(b). To satisfy Paragraph B criteria, a claimant's mental disorder "must result in 'extreme' limitation in one, or 'marked' limitation of two, of the four areas of mental functioning." *Id*.

Paragraph C requires the claimant's mental disorder be "serious and persistent," meaning the claimant has "a medically documented history of the existence of the disorder over a period of at least 2 years," and there is evidence of both:

> (C1) Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder [ ]; and
>
> (C2) Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

*Id*. at 12.00(A)(2)(c), 12.00(G)(2). The first criterion is satisfied when the evidence shows the claimant relies "on an ongoing basis, upon medical treatment, mental health therapy, psychosocial

support(s), or a highly structured setting(s), to diminish the symptoms and signs of [the claimant's] mental disorder." *Id*. at 12.00(G)(2)(b). The second criterion is satisfied "when the evidence shows that, despite [the claimant's] diminished symptoms and signs, [the claimant] ha[s] achieved only marginal adjustment." *Id*. at 12.00(G)(2)(c). "Marginal adjustment" means that the claimant's "adaptation to the requirements of daily life is fragile; that is, [the claimant] ha[s] minimal capacity to adapt to changes in [their] environment or to demands that are not already part of [their] daily life." *Id*. It is found "when changes or increased demands have led to exacerbation of claimant's symptoms and signs and to deterioration in functioning." *Needham v. Berryhill*, No. 18-CV-04183-PJH, 2019 WL 5626641, at *18 (N.D. Cal. Oct. 31, 2019) (discussing Listing 12.00(G)(2)(c)).

**B. Analysis**

Plaintiff does not contest the ALJ's findings or analysis with respect to the Paragraph B criteria. Instead, he contends that the ALJ did not conduct "any analysis of the requirements of [P]aragraph A whatsoever" and "offered only a boilerplate finding as to [P]aragraph C." (Doc. 13 at 25.) The Court agrees that the ALJ's Paragraph C analysis was inadequate.[3]

After concluding that the Paragraph B criteria were not met (AR 24–26), the ALJ turned to the Paragraph C criteria and stated:

> The undersigned has also considered whether the "[P]aragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "[P]aragraph C" criteria.

(AR 26.) "This is precisely the type of conclusory and boilerplate language that the Ninth Circuit has repeatedly cautioned against." *Jennifer A v. O'Malley*, No. 23CV326-GPC(LR), 2024 WL 400183, at *9 (S.D. Cal. Feb. 2, 2024) (citing *Lewis*, 236 F.3d at 512; *Marcia*, 900 F.2d at 176); *Jamie S. v. Kijakazi*, No. 2:21-CV-00084-SMJ, 2022 WL 1491668, at *6 (E.D. Wash. May 11, 2022)

[3] Because further proceedings will entail the re-evaluation of the evidence at step three, *see infra*, the Court does not reach the additional allegations of error directed to the ALJ's Paragraph A finding. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

(same). At step three of the sequential analysis, "the ALJ must explain adequately his evaluation of the alternative tests and the combined effects of the impairments" and make sufficient findings upon which a "reviewing court may know the basis for the decision." *Marcia*, 900 F.2d at 176; *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Here, in reaching the finding that Plaintiff failed to meet the Paragraph C criteria with respect to the Listings, the ALJ failed to reference, much less discuss, any medical evidence in the record. This is insufficient, as the Court cannot determine how the ALJ reached the conclusion that Plaintiff's severe impairments did not meet or equal the Paragraph C criteria under Listing 12.04. *See Stites v. Comm'r of Soc. Sec.*, No. 3:25-CV-00009-CAB-SBC, 2025 WL 3471318, at *3 (S.D. Cal. Dec. 3, 2025) ("The ALJ summarily concluded that 'the record fails to document the existence of any of [the Paragraph C] criteria.' This summary conclusion—devoid of any analysis of Plaintiff's treatment history—is inadequate.") (internal citations omitted); *Jennifer A. v. O'Malley*, No. 23-CV-326-GPC(LR), 2024 WL 1177761, at *3 (S.D. Cal. Mar. 19, 2024) ("While an ALJ need not discuss all evidence presented to him, he must demonstrate that he has meaningfully engaged with the record. The boilerplate language found in the ALJ's decision, which merely recites and rejects the relevant criteria, cannot sustain his decision upon this Court's review."); *Jessica B. v. Comm'r of Soc. Sec*., No. 1:18-CV-3074-TOR, 2019 WL 850954, at *4–5 (E.D. Wash. Jan. 30, 2019) (holding boilerplate findings without discussion of evidence is insufficient for a Paragraph C determination). *See also Lewis*, 236 F.3d at 512 (A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not [meet or equal a Listing]."); *Marcia*, 900 F.2d at 176 ("[T]he ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.").

The Commissioner concedes that the ALJ "did not discuss the medical evidence in detail at step three," but asserts that the ALJ's discussion of the medical record elsewhere in the decision provides the requisite support to their Paragraph C conclusion. (Doc. 15 at 6, 7.) The Commissioner is correct that the Ninth Circuit Court of Appeals has held that an ALJ need not necessarily include a discussion of the relevant evidence in the section of his opinion dedicated to the listing analysis if factual support for his conclusion can be deduced from the ALJ's discussion of the medical evidence. *See Connors v. Colvin*, 656 Fed. Appx. 808, 810 (9th Cir. 2016); *Lewis*, 236 F.3d at 513 (the law

"requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings'"); *see also Gonzalez*, 914 F.2d at 1200–1201 (finding no error in failure to discuss why claimant's impairments did not satisfy listing because ALJ's five-page summary of the record was adequate statement of factual foundations upon which a "reviewing court may know the basis for the decision."). The Court finds, however, that even "[l]ooking to ***all*** the pages of the ALJ's decision," *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis in the original), the ALJ's determination regarding the Paragraph C criteria cannot be deduced from his discussion of the medical evidence elsewhere in the decision, as explained below.

First, the Commissioner points to the ALJ's Paragraph B finding that Plaintiff's "mental conditions were successfully controlled with psychotropic medication or psychotherapy, and that with treatment compliance he did not require psychiatric hospitalization, inpatient care, or intensive outpatient programs, indicating adequate management of his psychiatric symptoms" as indicating an absence of Paragraph C criteria. (*Id*. at 6.) But the ALJ's "discussion regarding the '[P]aragraph B' criteria does not provide the necessary factual foundation upon which [their] factual conclusion regarding the '[P]aragraph C' criteria is based . . . . because the ALJ discussed the medical evidence of record as it pertains to the four '[P]aragraph B' criteria." *Martinez v. Comm'r of Soc. Sec. Admin*., No. CV-22-00504-TUC-JR, 2023 WL 5346033, at *7 (D. Ariz. Aug. 21, 2023). "In other words, the medical evidence that is examined is different for the [P]aragraph B and C criteria." *Id*. (citing 20 C.F.R. Pt. 404, Subpt. P, App'x 1, 12.00(G)(2)(b)–(c)). *See also Stites v. Comm'r of Soc. Sec.*, No. 3:25-CV-00009-CAB-SBC, 2026 WL 1013510, at *2 (S.D. Cal. Apr. 14, 2026) ("The Court . . . cannot[] meaningfully evaluate whether the ALJ's finding as to the [Paragraph C] criterion is supported by substantial evidence by simply looking to the evidence supporting the ALJ's [P]aragraph B analysis."); *Burger v. Comm'r of Soc. Sec. Admin*., No. CV-25-00075-TUC-AMM (JR), 2025 WL 3965304, at *7 (D. Ariz. Nov. 25, 2025) ("[T]he ALJ's discussion of the '[P]aragraph B' criteria also does not provide the necessary factual foundation upon which her conclusion regarding the '[P]aragraph C' criteria could be discerned as did not she discuss any of the '[P]aragraph C' criteria specifically when evaluating listings 12.03, 12.04, and 12.06."); *Jessica B.*,

2019 WL 850954, at *5 ("Here . . . the ALJ selectively discussed the medical evidence only as it related to the [P]aragraph B criteria. The Court concludes that the ALJ's limited summary of the medical record, in addition to his specific findings relating to the [P]aragraph B criteria, do not provide the necessary factual support for his conclusion that Plaintiff also failed to satisfy the [P]aragraph C criteria.") (distinguishing *Gonzalez*, 914 F.2d 1197).

Next, the Commissioner notes that the ALJ "reasonably discounted" Plaintiff's "more extreme subjective symptoms complaints" because of inconsistencies with his "improvement with treatment," the "objective medical evidence," and his "daily activities and functioning." (Doc. 15 at 7.) This argument, however, "highlights the problem posed by the lack of any reasoning in the ALJ's decision as to Paragraph C requirements in the first instance." *Jennifer A.*, 2024 WL 400183, at *10. While the ALJ noted in assessing the RFC that Plaintiff demonstrated "normal" mental status during some psychiatric evaluations (*see* AR 28–31), there is nothing in the decision itself to indicate how these findings relate to Plaintiff's capacity to, per the Paragraph C2 criteria, "adapt to changes in [his] environment" or whether such changes would lead to an "exacerbation of [his] symptoms and signs and to deterioration in functioning." *See Jennifer A.*, 2024 WL 400183, at *10; *see also Charles v. Comm'r of Soc. Sec. Admin.*, No. CV2501040-PHX-SPL, 2026 WL 693167, at *4 (D. Ariz. Mar. 12, 2026) ("The ALJ's general assertions about Plaintiff's normal mental findings also do not provide adequate discussion of the ALJ's determination at Step Three."); *Plas v. Comm'r of Soc. Sec. Admin.*, No. CV 20-00286-TUC-DCB (LAB), 2021 WL 3668380, at *6 (D. Ariz. June 22, 2021) ("Without more, the court cannot conclude that the ALJ thought Plas's 'normal mental status with minimal treatment' was evidence that he has more than 'minimal capacity to adapt to changes in [his] environment or to demands that are not already part of his daily life.'") (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1, 12.00(G)(2)). Likewise, it is unclear how daily activities such as caring for his personal needs; preparing meals; washing laundry; mowing the lawn; cleaning dishes; sweeping; doing general cleaning; going out alone; shopping in stores, by phone, and by computer; counting change; managing a savings account; editing videos; playing video games; writing poetry, songs, and stories; spending time with others; and watching television (*see* AR 24, 25, 30, 31) have anything to do with "changes" or "demands that are not already part of [Plaintiff's] daily life" to

which he must adapt. *See Jennifer A.*, 2024 WL 400183, at *10. *See also Charles*, 2026 WL 693167, at *3 (finding evidence of the plaintiff's activities of daily living "does not constitute an adequate discussion of the ALJ's determination with respect to the [P]aragraph C criteria" where the ALJ "does not connect these findings to the [] criteria.") (citing *Marcia*, 900 F.2d at 176); *Plas*, 2021 WL 3668380, at *5 ("Plas's activities of daily living and pet care are not 'changes' in his environment to which he must adapt. They are the norm for his lifestyle."). And, although "improvement in treatment" arguably addresses one criterion of the Paragraph C determination—that Plaintiff relies on medical treatment to diminish the signs of his mental disorder (C1)—it does not explain the other—whether despite Plaintiff diminished symptoms from the medication he has only achieved "marginal adjustment" (C2). *Burger*, 2025 WL 3965304, at *8.

Finally, the Commissioner asserts that the medical opinions of the State agency medical consultants and the consultative psychological examiner "provide ample explanation for why [the ALJ] found that the Paragraph C criteria were not satisfied." (Doc. 15 at 11–12.) But nothing in the decision connects this medical opinion evidence to the ALJ's Paragraph C conclusion. *See Burger*, 2025 WL 3965304, at *8 (rejecting the Commissioner's reliance on the State agency medical consultant's opinion for the ALJ's Paragraph C findings where the findings did not reference it). Moreover, the findings of "no greater than moderate limitations in mental functioning" cited by the Commissioner were directed to the Paragraph B criteria for abilities in a work setting, *see* AR 79–80, 630–631. 20 C.F.R. § Pt. 404, Subpt. P, App'x 1, 12.00(E). "On the other hand, the [Paragraph] C2 criterion addresses adapting to changes in the environment and daily life more broadly." *Stites*, 2026 WL 1013510, at *2; *see also* 20 C.F.R. § Pt. 404, Subpt. P, App'x 1, 12.00(G)(2)(c).

In sum, the Court cannot conclude that the ALJ "meaningfully engaged with the record" to provide adequate reasons to support the determination that Plaintiff does not meet the Paragraph C requirements for Listing 12.04. *Jennifer A.*, 2024 WL 1177761, at *3. *See J.A. v. Kijakazi*, No. 20-CV-07142-VKD, 2022 WL 2181693, at *14 (N.D. Cal. June 16, 2022) (holding that "ALJ's failure to explain his 'Paragraph C' determination again leaves the Court to guess why the longitudinal record did not suffice to satisfy C1 and C2"); *Needham*, 2019 WL 5626641, at *3 (holding that "[w]ithout identifying a basis for his decision—which, if provided, this court could evaluate in light

of earlier-assessed evidence—the ALJ has not made sufficient findings upon which a reviewing court may know the basis for the decision") (internal quotations omitted); *see also Stites*, 2026 WL 1013510, at *2 ("While an ALJ is not required to explain a decision with 'ideal clarity,' the Ninth Circuit 'still demand[s] that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review.'") (quoting *Brown-Hunter*, 806 F.3d at 492, and distinguishing *Kaufmann*, 32 F.4th 843). The ALJ's failure to adequately explain their Paragraph C determination renders it unsupported by substantial evidence. *See Charles*, 2026 WL 693167, at *4; *Jennifer A.*, 2024 WL 400183, at *10; *Katherine M. v. Kijakazi,* No. 21-CV-01207-JST, 2022 WL 19975282, at *7 (N.D. Cal. Nov. 23, 2022) (finding the ALJ's failure to explain their conclusion that the Paragraph C criteria are not met "renders his '[P]aragraph C' determination not supported by substantial evidence"); *J.A.*, 2022 WL 2181693, at *15.

Because satisfying the Paragraph C criteria could result in a determination at step three that Plaintiff meets Listing 12.04, the ALJ's error is not inconsequential to the disability analysis and is therefore not harmless. *Burger*, 2025 WL 3965304, at *8 (citing *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)); *Martinez*, 2023 WL 5346033, at *9 (same); *see also Jessica B.*, 2019 WL 850954, at *6 (finding ALJ "harmfully erred by failing to analyze or discuss the [P]aragraph C criteria for listings 12.04 and 12.06."). The Court agrees with Plaintiff (Doc. 13 at 2, 26) that the case should be remanded for further evaluation of the evidence at step three of the sequential evaluation process.[4] *Stites*, 2025 WL 3471318, at *3 ("The Court cannot meaningfully evaluate whether the ALJ's finding is supported by substantial evidence and therefore REMANDS the decision with instruction to reevaluate whether Plaintiff's mental impairments establish the

---

[4] The ALJ's failure to articulate the basis for their Paragraph C determination is especially troublesome in light of the evidence Plaintiff cites in his briefing that the stress of working on even a limited basis (*i.e.*, four to sixteen hours a week) caused him to "black out" and punch a Plexiglass screen in front of his cash register and have a series of "tense" interactions with customers. (Doc. 13 at 26 (citing AR 51, 313, 797).) As such, it is possible that Plaintiff satisfied Paragraph C's requirements under Listing 12.04. However, it is ultimately not the Court's role to weigh the evidence. If the ALJ fails to make findings regarding a severe impairment, the Court cannot simply substitute its own findings and conclusions. *Treichler v. Comm'r of Social Security*, 775 F.3d 1090, 1103 (9th Cir. 2014). Thus, the Court's conclusions regarding the ALJ's analysis at step three are not a finding as to whether Plaintiff has satisfied any of the Listings. *See, e.g., Smith-Grube v. Kijakazi*, Case No. 2:21-cv-01574-BNW, 2022 WL 2072573, at *5 (D. Nev. June 8, 2022) ("Importantly, the Court is not finding that Plaintiff has (or has not) satisfied any Listing, including Listing 1.04(A). The Court only finds that because the ALJ did not sufficiently explain his step-three findings (at any point in his decision), he erred."). The Court concludes only that because the ALJ did not sufficiently explain their step three findings in any part of the decision, such amounts to harmful error that must be corrected on remand.

[P]aragraph C criteria."); *Jennifer A.*, 2024 WL 400183, at *10 ("Because meeting the Paragraph C criteria could result in a determination that Plaintiff meets a listed impairment at step three, remand for clarification and further record development as to these criteria is similarly unavoidable so that the ALJ can articulate precisely what was decided and why.") (internal quotations omitted); *Jamie S.*, 2022 WL 1491668, at *6 ("The Court therefore cannot meaningfully evaluate whether the ALJ's finding is supported by substantial evidence, and the Court will remand this matter with instructions to reevaluate whether Plaintiff's mental impairments establish the paragraph C criteria for Listings 12.04 and 12.06."); *Jessica B.*, 2019 WL 850954, at *6 (remaining for further evaluation of the evidence and step three where the ALJ "harmfully erred by failing to analyze or discuss the [P]aragraph C criteria for listings 12.04 and 12.06.").

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Daniel Edward Zander and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **July 14, 2026**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE